**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 4:38 pm, Jul 17, 2013*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Case |
| | ) | Number <u>12-11923</u> |
| CHELLITA R. CARLYLE | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## OPINION AND ORDER

Before the Court is the Trustee's Objection to Confirmation objecting to the marital adjustments taken by Chellita R. Carlyle ("Debtor") on her means test. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(L) and the Court has jurisdiction pursuant to 28 U.S.C. §1334. For the following reasons, I find that the deductions taken by Debtor on Line 13 and Line 19 of her "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income" form ("Form B22C") for her non-debtor husband's truck payments are appropriate.

## FINDINGS OF FACT

Debtor filed her chapter 13 bankruptcy petition in October 2012. Dckt. No. 1. She claims marital deductions for her non-debtor husband's $683.00/month truck payment on Line 13 and Line 19 of her Form B22C. Dckt. No. 1, Page No. 45, Line 13 and Line 19. The truck was purchased by Debtor's husband prior to their marriage.

Debtor testified that before they were married she gave her husband $4,000.00 as a gift for the truck down-payment. He purchased the truck in October 2007, and they were married more than a year later in September 2008. Debtor does not have an ownership interest in the truck, nor is she on the loan for the truck. She owns another vehicle and rarely uses the truck, although she did use it the week before the confirmation hearing when her car was unavailable. Her husband makes all the truck payments. He has approximately 22 months remaining on the truck loan. He also pays all the insurance and maintenance costs associated with the truck. He uses the truck to drive back and forth to work and for his personal errands. Debtor and her husband maintain separate bank accounts.

Debtor filed this bankruptcy approximately five years after the truck was purchased. Her husband has not filed bankruptcy.

## CONCLUSIONS OF LAW

This matter involves 11 U.S.C. §1325(b)(2) and §1325(b)(4). A debtor's marital adjustment on Line 13 of Form B22C is used to determine how long a debtor must stay in their chapter 13 plan, the applicable commitment period, under §1325(b)(4). The marital adjustment on Line 19 of Form B22C helps determine how much money a debtor must pay into their chapter 13 plan by determining

2

their disposable income in accordance with 11 U.S.C. §1325(b)(2).

In this case, the chapter 13 trustee ("Trustee") contends that the Debtor is not entitled to the marital deduction and therefore, the applicable commitment period ("ACP") for the Debtor's chapter 13 plan must be 60 months pursuant to 11 U.S.C. §1325(b)(4)(A). The Trustee contends further that if ACP is extended to 60 months, the dividend to Debtor's unsecured creditors increases to $19,693.00, an approximate 8.91% dividend, as opposed to the $2,000.00, or approximate 0.91% dividend proposed by the Debtor.

Conversely, Debtor argues her husband is not in bankruptcy and his truck payments are not an "amount paid by any entity other than the debtor . . . on a regular basis for household expenses of the debtor or the debtor's dependents." 11 U.S.C. §101(10)(definition of current monthly income). As such, Debtor argues her bankruptcy plan can be less than 60 months and her proposed $2,000.00 dividend is appropriate.

The applicable provisions of 11 U.S.C. §1325(b) provide:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan-
>
> (B) the plan provides that all of the debtor's projected disposable income to be received in

3

the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

. . .

(b)(4) For purpose of this subsection, the 'applicable commitment period'-

    (A) subject to subparagraph (B) shall be-

    (i) 3 years; or

    (ii) not less than 5 years, if the current monthly income of the debtor and the debtor's spouse combined, when multiplied by 12, is not less than-

. . .

        (III) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $625 per month for each individual in excess of 4 . . . .[1]

11 U.S.C. §1325(b)(1)(B) and (4)(A).  Current monthly income ("CMI"):

    (A) means the average monthly income from all sources that the debtor receives...derived during the 6-month period . . .

    (B) includes any <u>amount paid by any entity other than the debtor...on a regular basis for household expenses of the debtor or the</u>

---

[1] Debtor has a household of 5.

4

> debtor's dependents . . . .

11 U.S.C. §101(10)(emphasis added).

Form B22C is used for these calculations. Line 13 of Form B22C provides:

> Line 13: Marital Adjustment. If you are married, but are not filing jointly with your spouse, and if you contend that calculation of the commitment period under 1325(B)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B <u>that was not paid on a regular basis for the household expenses of you or your dependents</u> and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.

<u>Id.</u> (emphasis added).

As for the disposable income analysis, Line 19 of Form B22C provides:

> Line 19: Marital Adjustment. If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B <u>that was not paid on a regular basis for the household expenses of the debtor or the debtor's dependents</u>. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the

5

> amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero.

Id. (emphasis added).

The issue is whether the truck payments are paid on a regular basis for household expenses of Debtor or her dependents.[2] While the calculations in Line 13 and Line 19 address different issues, the analysis of the deduction for both lines as to the current issue is the same. In re Borders, 2008 WL 1925190 at *3 (Bankr. S.D. Ala. April 30, 2008). The "determination of the amount paid by a non-filing spouse on a regular basis for household expenses for the debtor or the debtor's dependents is necessarily fact specific and subject to interpretation." In re Travis, 353 B.R. 520, 526 (Bankr. E.D. Mich. 2006). "The [t]rustee bears the initial burden of producing evidence that the [d]ebtor is not including all income that is paid on a regular basis for household expenses. The burden then shifts to the [d]ebtor to prove by a preponderance of the evidence that she has complied with 1325(b)(4)(A)." In re Borders, 2008 WL 1925190 at *1.

There is a split of authority interpreting what constitutes payments made on a regular basis for a household expense of the debtor or debtor's dependents. In re Toxvard, 485 B.R. 423,

---

[2] No party contends Debtor's husband is a dependent of Debtor.

6

AO 72A
(Rev. 8/82)

436 (Bankr. D. Colo. 2013). "The first line of cases . . . has adopted a payment 'for the benefit of' the debtor approach . . . The second line of cases . . . adopt a 'debtor-centric approach.'" Id. at 436. The first line of cases hold that payments made by the non-filing spouse that benefit the debtor in some way may not be deducted on Line 13 or Line 19. See In re Trimarchi, 421 B.R. 914 (Bankr. N.D. Ill. 2010)(mortgage payments); In re Vollen, 426 B.R. 359, 373 (Bankr. D. Kan. 2010)(mortgage payments and car payments). The second line of cases allow the marital deduction because the debtor does not possess an ownership interest in the property. See In re Toxvard, 485 B.R. at 437; In re Shahan, 367 B.R. 732 (Bankr. D. Kan. 2007); In re Borders, 2008 WL 1925190 at *3.

In In re Shahan, 367 B.R. 732 (Bankr. D. Kan. 2007), a debtor's non-filing spouse was making payments on a car and a mortgage, both were purchased before debtor filed the bankruptcy petition. The debtor did not have an ownership interest in either the home or the vehicle. The court concluded that "the non-filing spouse's car and house payments on debts not secured by assets of the estate or that are not claims against the debtor are not in fact amounts paid on a regular basis for household expenses as referenced in §101(10A) and, therefore, are deductible on Line 19 as a marital adjustment." Id. at 738. While the debtor in In re Shahan resided

7

in the house and sometimes used the non-filing spouse's car, the court nevertheless found that the plain language of Form B22C allowed the debtor to deduct such payments under Line 19 when calculating disposable income. Id.; compare In re Borders, 2008 WL 1925190, at *3 (holding that a non-filing spouse's credit card bills and health insurance premiums may indirectly benefit the debtor, but that they are still individual expenses of a non-debtor and should not be considered regular payments for household expenses as dictated by Line 13 of Form B22C); In re Sale, 397 B.R. 281 (Bankr. M.D.N.C. 2007)(holding that vehicle payments made by the non-filing spouse are not amounts paid on a regular basis for household expenses and can be taken as marital adjustments on Line 19); with In re Vollen, 426 B.R. 359 (Bankr. D. Kan. 2010)(disallowing a Line 13 marital deduction of debt payments secured by a loan on the non-filing spouse's vehicle where debt was obtained to refinance credit card debt used for paying household expenses); In re Trimarchi, 421 B.R. 914 (Bankr. N.D. Ill. 2010)(holding that non-filing spouse's mortgage expenses were disallowed as a marital adjustment); In re Persaud, 486 B.R. 251 (Bankr. E.D.N.Y. 2013)(holding that non-filing spouse's private school tuition payments of his and debtor's children were disallowed as a marital adjustment).

In the case sub judice, Debtor's husband purchased this

8

truck more than a year before their marriage. The fact that Debtor gave him $4,000.00 as a gift to make the down-payment does not change the nature of the transaction or its use. He uses the truck for his personal errands and for transportation to work. He pays for the maintenance and insurance for the truck. These payments are made from his personal bank account, not a joint account. Debtor is not an owner of the truck nor is she on the loan documents. She uses the truck only on occasion. Given these facts, I find Debtor's non-debtor husband's payments on this truck are not items "paid on a regular basis for the household expenses of [Debtor or her dependents]."

The Trustee argues the legislative history supports a different conclusion; however, I find the language of 11 U.S.C. §1325(b) and §101(10) unambiguous and therefore consideration of the legislative history is inappropriate. Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004)("[I]t is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'"); U.S. v. Ron Pair Enters., Inc., 489 U.S. 235 (1989)("[t]he language before us expresses Congress' intent . . . with sufficient precision so that reference to legislative history and to pre-Code practice is hardly

9

necessary."). Furthermore, since I have concluded that Debtor is allowed to deduct her non-debtor husband's truck payments on Lines 13 and 19, a similar deduction on Line 60 is inappropriate as such deductions encompass "monthly expenses not otherwise stated in this form." Dckt. No. 1, Page No. 50, Line 60.

It is therefore ORDERED that the Trustee's Objection to Confirmation as to Debtor's deductions on Line 13 and Line 19 is OVERRULED. The Clerk's Office is directed to schedule a continued confirmation hearing to consider any remaining confirmation issues.

/s/ Susan D. Barrett
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 17th day of July, 2013.

AO 72A
(Rev. 8/82)